UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE:
    KRYSTYNA WROBEL
    a/k/a KRYSTYNA WAWRYNCZUK
    f/d/b/a WHITE EAGLE SQUARE
    APARTMENTS, INC.                   **DECISION AND ORDER**
    f/k/a KRYSTYNA MINORCZKY           14-CV-345S

                          *Debtor*.

        1.        Presently before this Court is creditor HoganWillig, PLLC's motion for leave to appeal to this Court pursuant to 28 U.S.C. § 158(a)(3) from an interlocutory order of the Honorable Michael J. Kaplan, United States Bankruptcy Judge, entered March 28, 2014. See In re Wrobel, – B.R. –, 2014 WL 1330182 (Bkrtcy. W.D.N.Y. 2014). For the reasons that follow, HoganWillig's motion is denied.

        2.        A district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court. 28 U.S.C. § 158(a)(3); In re Kassover, 343 F.3d 91, 94 (2d Cir. 2003). Because neither section 158 nor the Federal Rules of Bankruptcy Procedure provide specific guidelines for determining whether leave should be granted, district courts in this Circuit generally apply the analogous standard for certifying an interlocutory appeal from a district court order to a court of appeals, 28 U.S.C. § 1292(b). See In re Futter Lumber Corp., 473 B.R. 20, 26 (E.D.N.Y. 2012). Pursuant to this section, a discretionary appeal is appropriate where the interlocutory "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where these factors are present, however, granting an interlocutory

appeal should remain a rare exception to the basic tenet of federal law to delay appellate review until a final judgment has been entered, such as where an intermediate appeal may avoid protracted litigation. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996); In re Futter Lumber Corp., 473 B.R. at 26. Indeed, leave may be denied for any reason, including docket congestion. In re Enron Creditors Recovery Corp., 410 B.R. 374, 379 (S.D.N.Y. 2008) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)).

3. This Court finds the present motion premature. The bankruptcy court has not ruled with finality on the issue now raised on appeal, but instead has permitted the discovery of further information on an objection to the Debtor's Chapter 13 plan. Specifically, HoganWillig seeks leave to appeal an Opinion and Order in which Judge Kaplan states that he is "*prepared* to reject Hogan Willig's objection to the Court allowing a homestead exemption to the Debtor in the amount of $75,000." (Docket No. 1 at 33 (emphasis added).) The opinion continued:

> However, the Court sees something significant in the fact that the Debtor bought her condo from her now son-in-law. The badges of fraud . . . address transfers to an insider while maintaining control over the transferred property, work in tandem to bespeak the "parking" of the asset; sheltering it under the ownership of the insider, but controlling it so that the Debtor later may surreptitiously enjoy the value whether that property is later reconveyed to the Debtor or not. Here, the record suggests that the now son-in-law had his condominium on the market for several months through a broker, without success because it is only a one-bedroom condominium. It is also possible that the unit is worth far less than what she paid for it.

(Docket No. 1 at 33-34.) Accordingly, HoganWillig was afforded 30 days to have the condominium unit appraised, if the firm wished, "to make sure that the Debtor did not convey meaningful value to the daughter and son-in-law in excess of the fair market value

of the unit." (Docket No. 1 at 22, 34.)  The court, noting that the Debtor's plan could not yet be confirmed in any event in light of HoganWillig's other objections, ordered that:

> This and all other pending matters in this case are restored to the Chapter 13 calendar on May 12, 2014 at 12:00 p.m. *If there is no dispute* that the condominium is worth something near $86,500, *then* (1) the firm's claim will be allowed as an unsecured claim only,[] (2) avoidance of the firm's judgment lien will be denied without prejudice to a new motion to be made after the later of 1215 days after the acquisition of the condo and three years from the date of this Decision.

(Docket No. 1 at 35, n. 18 (emphasis added).)  Notably, the present motion for leave to appeal was filed with bankruptcy court prior to the expiration of the 30-day period, and the motion was briefed and transmitted to this Court prior to the scheduled May 12th appearance. No reference is made in the motion for leave to this opportunity to develop the factual record. Nor is there any discussion in the supplemental papers[1] recently transmitted to this Court, although this Court has been informed by the bankruptcy court that the issue of the condominium appraisal will be before Judge Kaplan on June 23, 2014. Thus, although Judge Kaplan *may* ultimately rely on the reasoning pronounced therein, the Opinion and Order does not conclusively rule on the issue for which leave is sought. The present motion is therefore premature and borderline frivolous.  Finally, as noted above, Judge Kaplan has yet to rule on HoganWillig's other objections, resolution of which may also affect the necessity of an interlocutory appeal in this matter.

      IT HEREBY IS ORDERED, that HoganWillig's motion for leave to appeal from the March 28, 2014 Opinion and Order of Bankruptcy Court is DENIED.

---

[1] Because leave to appeal is not warranted in any event, the procedural issues raised in the supplemental papers are moot.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated: May 25, 2014
       Buffalo, New York

                                                <u>/s/William M. Skretny</u>
                                                WILLIAM M. SKRETNY
                                                        Chief Judge
                                          United States District Court